If the case had rested simply upon the neglect of the (419) defendant or his attorney in not sending the transcript to this Court in time we should have had no hesitation in deciding against the motion. But there are other circumstances arising out of the case and the affidavits which induce us to think it ought to be granted. First, there was no other mode of bringing the case to this court but by appeal, and therefore that form was observed, but it is apparent that, in substance, the cause was to come up by consent. The case underwent little or no examination in the court below, and it was the intention of the court and both the parties that it should be brought here for a full examination and final determination as to the law. Secondly, the papers belonging to the office, from which the clerk was to make a perfect record, had been taken from the office by the consent of each of the attorneys, and carried with them to another county (we suppose to make out a case) and were not returned in time so as to enable the clerk to make a transcript to reach Court in time. If the case had been made out in term time by the judge or the attorneys, and the papers belonging to the cause had not been carried away, the clerk himself, it seems, would have sent the transcript here in time, although not bound to do so. The defendant did not mean to abandon his appeal, and if he had called at the office for the transcript he could not have got it in time. We think, for these various reasons, that acertiorari ought to issue as prayed for.
PER CURIAM. Certiorari ordered.
Cited: Roulhac v. Miller, 89 N.C. 196; McCormic v. Leggett, 53 N.C. 427;Stickney v. Cox, 61 N.C. 496. *Page 330 
(420)